UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Charles David Sackett, | File No. 13-cv-1218 (ADM/TNL) |
| Plaintiff, | |
| v. | **ORDER & MEMORANDUM** |
| Jeff Singer and Steven Buswell, | |
| Defendants. | |

This matter comes before the Court, United States Magistrate Judge Tony N. Leung, pursuant to Plaintiff's Notice of Motion and Motion to Appoint Legal Counsel (ECF No. 17).  Plaintiff requests that he be appointed an attorney to assist him in litigating his civil rights claims under 42 U.S.C. § 1983.

Based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for the appointment of counsel is **DENIED WITHOUT PREJUDICE**.

2. The attached memorandum is incorporated herein.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial

dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May 22, 2014                                    s/ Tony N. Leung
                                                       Tony N. Leung
                                                       United States Magistrate Judge
                                                       for the District of Minnesota

## MEMORANDUM

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Rather, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794. Courts enjoy "a good deal of discretion to determine whether representation is warranted given the nature of the case and the litigants." *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).

Plaintiff is incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota ("Rush City"). Plaintiff alleges that Defendants violated his rights under the Eighth Amendment to be free from cruel and unusual punishment. (Compl, ECF No. 1.) Specifically, Plaintiff alleges that Defendant Singer "choke slammed" him against a set of lockers, and that Defendant Buswell "stood by and did nothing" while this occurred. (*Id.* at 3-4.) Plaintiff further alleges that because of Defendants' conduct, he "must live with the constant fear of those in authority." (*Id.* at 4.)

At this time, the Court concludes that appointment of counsel is not warranted and Plaintiff's motion is therefore denied without prejudice. First, the factual and legal issues underlying this litigation are not complex. Plaintiff's complaint asserts that Defendants' mistreatment violates his constitutional rights. Although "the Eighth Amendment's ban

3

on cruel and unusual punishment applies to excessive force claims brought by convicted criminals serving their sentences," *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) (citing *Whitley v. Albers*, 475 U.S. 312, 318-22 (1986)), the Court determines that Plaintiff's characterization of his claim as arising from his Fourth Amendment rights does not complicate an otherwise straightforward excessive-force claim. Second, Plaintiff's claims involve information available to him notwithstanding his incarceration. *See Phillips*, 437 F.3d at 794 (success of inmate's Eighth Amendment medical-treatment claim regarding seizure disorder depended on information inmate gave to prison's doctor and staff, the regularity with which the prison provided inmate with medication, and the circumstances of inmate's bunk assignment and subsequent fall). Third, Plaintiff's motion demonstrates an ability to articulate his position to the Court, a basic understanding of legal procedure, and a familiarity with precedential case law.

     Therefore, for the reasons stated above, Plaintiff's motion for the appointment of counsel is denied without prejudice.

                                                                  TNL